IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN E. FIELDS,

    Plaintiff,                        CV F 06 0407 AWI WMW PC

    vs.                              ORDER DISMISSING SECOND AMENDED COMMPLAINT WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT

(THIRTY DAY DEADLINE)

P. ROBERTS,

    Defendant.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant P. Roberts, a Nurse employed by the CDCR at Corcoran State Prison.

    Plaintiff's brings claims of deliberate indifference and retaliation against Defendant Roberts. Regarding the deliberate indifference claim, Plaintiff alleges that beginning on February 28, 2006, he submitted written requests for medical care to Defendant Roberts. Plaintiff alleges that the requests were ignored. Plaintiff alleges that Defendant Roberts did not

1

respond to the requests on the ground that Plaintiff was scheduled for an appointment on March 23, 2006. In his requests, Plaintiff indicated that he was in "excruciating pain" and unable to sleep due to a herniated disc. Plaintiff submitted his requests through various individuals. Plaintiff also alleges that his cellmate informed Defendant Roberts of Plaintiff's requests.

On March 15, 2006, Defendant Roberts approached Plaintiff's cell. Plaintiff explained to Defendant Roberts that he had submitted numerous requests to be seen, and that Defendant Roberts was obligated to conduct a face to face interview with Plaintiff pursuant to the "Plata Policy Settlement."[1] Roberts advised Plaintiff that she was not authorized to prescribe pain medication, and that Plaintiff was scheduled for an appointment on March 23rd. Defendant Roberts then left the housing area.

On March 16, 2006, Plaintiff was seen by a nurse practitioner, who prescribed medication. On March 23, 2006, Plaintiff was seen by Michael Reynolds, M.D., who prescribed medication to control Plaintiff's allergies. On March 30, 2006, Plaintiff was transported to an outside hospital, where his spinal surgery was performed.

As to his retaliation claim, Plaintiff alleges that Roberts advised Correctional Office Womack to tell Plaintiff to stop submitting his requests, because he would be seen on March 23rd.

Deliberate Indifference

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

---

[1]. Plata is a class action that was filed in the United States District Court for the Northern District of California. The failure of staff to comply with an injunction issued by the court in Plata is not grounds for relief in *this* case. To the extent that plaintiff wishes to seek assistance that he believes is due pursuant to the Plata injunction, plaintiff "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

1  must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v.
2  Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether
3  medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must
4  examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must
5  determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id.
6  at 1132.
7       Here, Plaintiff alleges, that Defendant Roberts denied his request on the ground that she
8  could not authorize the treatment that he sought, and that he was scheduled for an appointment.
9  Plaintiff alleges that the day after Roberts informed him of her ground for not seeing him, he was
10 treated and prescribed pain medication.  Further, Plaintiff has not alleged facts indicating that
11 Roberts's conduct caused him injury.   As noted above, non-compliance with another court
12 decision is not a ground for relief in this case.
13      Retaliation
14      Within the prison context, a viable claim of First Amendment retaliation entails five basic
15 elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)
16 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
17 exercise of his first amendment rights, and  (5) the action did not reasonably advance a legitimate
18 correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  See also Sorrano's
19 Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)(explaining that a plaintiff must plead
20 facts which suggest "that the protected conduct was a 'substantial' or 'motivating' factor in the
21 defendant's decision") (citation ommitted).
22      Here, Plaintiff fails to allege any facts indicating that his exercise of his first amendment
23 rights were actually chilled.  The facts alleged indicate that Roberts told Womack to advise
24 Plaintiff that the ground for her refusal was that Plaintiff was scheduled for an appointment.
25 Plaintiff's conclusory allegation that Roberts' decision was based upon Plaintiff's protected
26

activitity is unsubstantiated by factual allegation.

The court finds the allegations in Plaintiff's second amended complaint to be conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     June 25, 2008              /s/  William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE