# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>           Plaintiff,<br><br>   v.<br><br>P. ROBERTS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-cv-00407-AWI-YNP PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE FIFTH AMENDED COMPLAINT WITHIN 30 DAYS<br><br>(Doc. 41) |

Plaintiff Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff is suing under section 1983 for the violation of his rights under the First and Eighth Amendments. Plaintiff also raises claims under state law. Plaintiff names P. Roberts (registered nurse), Jeff Neubarth (doctor), William McGuinness (chief medical officer), and Corcoran State Prison as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff's complaint will be dismissed with leave to file a fifth amended complaint within 30 days.

**I.**     **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

    **A.     Procedural Background**

Plaintiff filed the original complaint in this action on April 10, 2006. (Doc. #1.) On December 21, 2006, Plaintiff filed his first amended complaint. (Doc. #13.) On July 26, 2007, Plaintiff filed a motion to amend his complaint. (Doc. #19.) The Court granted Plaintiff's motion and Plaintiff filed his second amended complaint on August 1, 2007. (Docs. #22, 23.) On June 25, 2008, the Court dismissed Plaintiff's second amended complaint for failing to state any claims. (Doc. #27.) Plaintiff was granted leave to file a third amended complaint. On August 18, 2008, Plaintiff filed his third amended complaint. (Doc. #35.) On June 16, 2009, Plaintiff filed a motion

to file a fourth amended complaint. (Doc. #38.) The Court granted Plaintiff's motion and Plaintiff filed his fourth amended complaint on June 18, 2009. (Doc. #40, 41.) This action proceeds on Plaintiff's fourth amended complaint.

### B.   Factual Background

Plaintiff claims that Defendants violated Plaintiff's rights under the Eighth Amendment through their deliberate indifference to Plaintiff's serious medical needs. Plaintiff claims that he experienced excruciating pain in his neck and complained to medical personnel while at CSP-Corcoran. (Compl. ¶ 12.) Plaintiff was diagnosed with "degenerative osteoarthritic changes," "discherniation," and "compression on the anterior aspect of cervical spinal cord." (Compl. ¶ 12.)

On December 13, 2005, Plaintiff was sent to the Mercy Medical Center in Bakersfield, California for a consult with Dr. Mahmoud Rashidi. (Compl. ¶ 13.) Dr. Rashidi ordered CSP-Corcoran officials to refill Plaintiff's pain medication because it was going to expire in a few days. (Compl. ¶ 13.) Plaintiff claims that his pain medication prescription expired on December 17, 2005 because prison officials failed to obey Dr. Rashidi's orders. (Compl. ¶ 14.) Plaintiff began submitting medical care requests. (Compl. ¶ 14.) On December 27, 2005, Plaintiff was summoned to the medical clinic for a consult with Defendant Neubarth. (Compl. ¶ 15.) Neubarth refused to renew Plaintiff's pain medication prescription because Neubarth only prescribed narcotics to cancer patients. (Compl. ¶ 16.) Plaintiff asked Neubarth to refer Plaintiff to another doctor, but Neubarth refused. (Compl. ¶¶ 17-18.)

On January 5, 2006, Plaintiff filed an inmate grievance about Neubarth's refusal to provide Plaintiff with pain medication. (Compl. ¶ 19.) On January 19, 2006, Defendant McGuinness assigned Plaintiff's grievance to J. Amaya for an informal level response. (Compl. ¶ 20.) Plaintiff's grievance was denied. (Compl. ¶ 20.) On January 24, 2006, Plaintiff appealed the decision. (Compl. ¶ 21.) On February 16, 2006, Defendant Roberts interviewed Plaintiff about his grievance. (Compl. ¶ 22.) Plaintiff complained that the grievance should not have been assigned to Roberts because she did not have the authority to change anything. (Compl. ¶ 23.) Roberts told Plaintiff that she did have authority and told Plaintiff that she reviewed Plaintiff's medical file and told Plaintiff that he was abusing the system with frivolous medical complaints. (Compl. ¶ 24.) Plaintiff

requested that Roberts forward his grievance to the chief medical officer, but Roberts responded by leaving. (Compl. ¶ 25.) Plaintiff continued to complain to Roberts about his excruciating pain. (Compl. ¶ 27.)

On March 15, 2006, Plaintiff's "celly" complained to the control booth officer about Plaintiff's pain. (Compl. ¶ 28.) The officers summoned Roberts to assess Plaintiff's condition. (Compl. ¶ 28.) Roberts arrived and told Plaintiff that she did not know what Plaintiff was complaining about because she placed Plaintiff on the doctor's list for March 23, 2006. (Compl. ¶ 29.) Plaintiff cursed at her and Roberts walked away. (Compl. ¶ 29.) Plaintiff complains that Roberts then placed two false medical records in Plaintiff's file "to cover-up her deliberate indifference towards my serious medical conditions." (Compl. ¶ 29.) Plaintiff does not describe what the false medical records contained, or explain how they covered up Roberts actions.

On March 15, 2006, Plaintiff's celly submitted an emergency health care services request on Plaintiff's behalf. (Compl. ¶ 30.) The request was given to the licensed vocational nurse, who then forwarded it to the emergency room nurse. (Compl. ¶¶ 30-31.) Plaintiff was scheduled to see the doctor on March 16, 2006. (Compl. ¶ 31.)

**III.   Discussion**

    **A.   Eighth Amendment Claims**

Plaintiff claims that Defendants violated Plaintiff's rights under the Eighth Amendment by refusing Plaintiff's requests for pain medication. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347

4

(1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff claims that Defendant Neubarth violated Plaintiff's Eighth Amendment rights by denying Plaintiff's requests for pain medication. Plaintiff claims that a doctor from outside the prison ordered Plaintiff's pain medication to be renewed. Plaintiff had a consult with Neubarth and Neubarth did not renew Plaintiff's pain medication because Neubarth only prescribed pain medication to cancer patients. The facts alleged do not amount to an Eighth Amendment violation.

5

Plaintiff has alleged that Neubarth did not prescribe Plaintiff with pain medication because Neubarth disagreed with the outside doctor's medical opinion. A difference of opinion concerning the appropriate course of medical treatment does not amount to deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004). Plaintiff fails to state a cognizable claim against Defendant Neubarth under section 1983. Plaintiff has not alleged any facts that suggest that Neubarth's decision was made in deliberate indifference to a known risk to Plaintiff. Plaintiff alleges that Neubarth's decision stemmed from his own policy of not prescribing narcotics to non-cancer patients, and there is no suggestion of any malicious intent towards Plaintiff.

Plaintiff claims that Defendant Roberts violated Plaintiff's Eighth Amendment rights by denying Plaintiff's inmate grievance. Plaintiff alleges that Roberts denied Plaintiff's grievance because she believed that it was frivolous. Roberts belief that Plaintiff's medical requests were frivolous controverts any suggestion that she deliberately disregarded a known risk to Plaintiff's health or safety. If Roberts thought Plaintiff's request was frivolous, then she did not believe there was any risk to Plaintiff. Even if Roberts' belief was erroneous, that would at most make her actions negligent, a state of mind that does not rise to the level of an Eighth Amendment violation. Plaintiff fails to state a cognizable claim against Defendant Roberts.

Plaintiff claims that Defendant McGuinness violated Plaintiff's Eighth Amendment rights by failing to adequately train Roberts. Plaintiff's allegations are not sufficient to hold McGuinness liable for failing to prevent any constitutional violations committed by Roberts because Roberts did not commit any constitutional violations. Further, Plaintiff's vague allegations are not sufficient to support a claim against McGuinness. Plaintiff does not allege how Roberts' training was deficient or how McGuinness was aware that Roberts' training was deficient and therefore posed a risk to Plaintiff. Plaintiff fails to state a cognizable claim against Defendant McGuinness.

### B.    First Amendment Retaliation Claims

Plaintiff claims that Defendant Roberts retaliated against Plaintiff for filing inmate grievances. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.

6

1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff claims that Defendant Roberts retaliated against Plaintiff by refusing to grant Plaintiff's inmate grievance requesting pain medication. However, Plaintiff's allegations state that Roberts denied Plaintiff's request because she thought Plaintiff's requests were frivolous. There are no facts alleged which suggest that Roberts denied Plaintiff's requests because of Plaintiff's exercise of his First Amendment right to file prison grievances. Thus, Robert's actions were not retaliatory. Plaintiff fails to state a cognizable claim against Defendant Roberts.

Plaintiff claims that Defendant McGuinness is liable for failing to prevent Roberts from violating Plaintiff's constitutional rights. Since Plaintiff's allegations do not establish any constitutional violation committed by Roberts, Plaintiff does not state a claim against Defendant McGuinness.

### C. State Law Claims

Plaintiff also raises a claim for intentional infliction of emotional distress under California law. In order to state a claim for the intentional infliction of emotional distress under California law, Plaintiff must allege (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard to the probability of causing, emotional distress, (2) the plaintiff's suffering severe or extreme emotional distress, and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991).

Plaintiff's complaint fails to allege facts that support the first element. First, Plaintiff's allegations regarding Defendants' conduct cannot be said to be "extreme and outrageous." In the context of claims for the intentional infliction of emotional distress, the conduct alleged to be

outrageous "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. (quoting Davidson v. City of Westminster, 32 Cal. 3d 197 209 (1982)). Plaintiff alleges that Neubarth denied Plaintiff's request for pain medication because Neubarth only prescribed narcotics to cancer patients. Defendant Roberts is alleged to have denied Plaintiff's medical requests because she believed them to be frivolous. Plaintiff alleges that Defendant McGuinness failed to train or supervise his subordinates, but Plaintiff does not provide any details as to how McGuinness' training or supervision was deficient. None of Plaintiff's allegations come close to describing "extreme and outrageous conduct."

Further, none of the conduct alleged was directed toward Plaintiff with the intention of causing emotional distress. "It is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." Id. Defendants' actions were not directed at Plaintiff with the intention of causing emotional distress, or with reckless disregard to a risk of emotional distress. Defendants' actions were the result of a disagreement with Plaintiff over the appropriate course of treatment. Plaintiff's claims for intentional infliction of emotional distress fail as a matter of law.

### D.  Claims Against Corcoran State Prison

Plaintiff names Corcoran State Prison as a Defendant. Plaintiff's claims against Corcoran State Prison are barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 267 (1997). "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted). The Eleventh Amendment bars suits against state agencies as well as

8

those where the state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.), amended by 127 F.3d 1135 (9th Cir. 1997); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); cf. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988) (stating that Eleventh Amendment requires examination of the complaint and relief sought to determine whether the state is the "real party in interest"). Corcoran State Prison is an entity within the California Department of Corrections and Rehabilitations, which is a state agency immune from suit under the Eleventh Amendment. Therefore, Plaintiff's claims against Corcoran State Prison are barred by the Eleventh Amendment.

## IV.   Conclusion and Order

The Court has screened Plaintiff's fourth amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the

pleading standard Rule 8 announces does not require 'detailed factual allegations'", "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    April 7, 2010**            **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE