**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. ROBERTS, et al.,<br><br>　　　　Defendants. | NO. 1:06-cv-00407 -AWI-GSA-PC<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>OBJECTIONS DUE IN THIRTY DAYS |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Plaintiff's June 24, 2010, fifth amended complaint.

　　　　Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against correctional officials employed by the CDCR at CSP Corcoran.  Plaintiff names as defendants P. Roberts, a registered nurse, and J. Neubarth, a physician.  Plaintiff sets forth claims of inadequate medical care and retaliation.  Plaintiff also asserts a state law claim for intentional infliction of emotional distress.

///

///

## I. Procedural History

Plaintiff filed the original complaint on April 10, 2006 (ECF No. 1.) On December 21, 2006, Plaintiff filed the first amended complaint (ECF No. 13.) On August 1, 2007, pursuant to an order granting him leave to do so, Plaintiff filed the second amended complaint (ECF No. 23.) On June 25, 2008, the Court dismissed the second amended complaint and granted Plaintiff leave to file a third amended complaint. On August 18, 2008, Plaintiff filed the third amended complaint (ECF No. 35.) On June 16, 2009, Plaintiff filed a motion for leave to file a fourth amended complaint, which was granted. The fourth amended complaint was filed on June 18, 2009. (ECF No. 41.) On April 7, 2010, an order was entered, dismissing the fourth amended complaint for failure to state a claim, and granting Plaintiff leave to file a fifth amended complaint. After two extensions of time, Plaintiff filed the fifth amended complaint, which is now before the Court, on June 24, 2010. (ECF No. 51.)

## II. Allegations

Plaintiff alleges that in May of 2004, he was diagnosed with "serious chronic maladies in my neck: degenerative herniated discs, osteoarthritic changes, and compression on my cervical spine cord." (Am. Compl. ¶ 10.) Plaintiff suffered from severe and excruciating pain, and was treated with aspirin, tylenol and motrin. These drugs proved ineffective, and "several doctors" prescribed vicodin, norco and hydrocordone to alleviate the pain. (Am. Compl. ¶ 12.)

On December 13, 2005, Plaintiff was transported to Mercy Medical Center in Bakersfield. Plaintiff was seen by Dr. Rashidi "regarding the severe/excruciating and debilitating pain caused by the serious/chronic maladies in my neck," (Am. Compl. ¶ 13.) Dr. Rashidi noted that Plaintiff's "vicodin/norco" prescription would expire on December 18, 2005, and renewed Plaintiff's prescription. Plaintiff was returned to CSP Corcoran. (Am. Compl. ¶ 14.)

Plaintiff alleges that "by December 18, 2005," his prescription had not been refilled. On December 27, 2005, Plaintiff was seen by Defendant Neubarth. Plaintiff alleges that Defendant Neubarth "refused to renew/refill my prescription for vicodin/norco and or prescribe any other

treatment." (Am. Compl. ¶ 17.)

On January 5, 2006, Plaintiff filed an inmate grievance, "complaining of Defendant Neubarth's deliberate indifference, through his failure to treat me for my severe/excruciating and debilitating pain caused by my serious/chronic maladies in my neck." (Am. Compl. ¶ 18.) On January 19, 2006, Dr. Viravathana (not a named defendant) ordered the pharmacy to refill Plaintiff's vicodin/norco prescription, though with a decreased dosage. (Am. Compl. ¶ 20.)

On February 16, 2006, Defendant Roberts interviewed Plaintiff regarding his inmate grievance. Plaintiff told Roberts "that she was a subordinate to Defendant Neubarth. Thus, she had no authority to take any corrective action. So my appeal should have never been assigned to her. That she needed to send it back, to the Chief Medical Officer so he could investigate my allegations and take corrective action." (Am. Compl. ¶ 24.) Plaintiff alleges that Defendant Roberts subsequently entered false information on her response to Plaintiff's grievance, indicating that Plaintiff's allegations were not sustained. Plaintiff alleges that Roberts entered this information despite indications in Plaintiff's medical file that he suffers from a serious and chronic condition. (Am. Compl. ¶ 25.)

Plaintiff also alleges that Defendant Roberts retaliated against him for filing "medical 602 appeals." Specifically, Plaintiff alleges that between February 28, 2006, and March 15, 2006, Defendant Roberts refused to follow CDCR protocol in that she failed to schedule Plaintiff for a pain assessment. The pain assessment was required in order for Plaintiff to be seen by the yard physician. (Am. Compl. ¶ 29.)

**III.   Analysis**

   **A.   Medical Care**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is

"sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind," Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimum civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, Plaintiff has alleged facts indicating that Dr. Neubarth was deliberately indifferent to a serious medical need of Plaintiff's. Specifically, Plaintiff alleges that despite a renewal of his prescription for pain medication, Dr. Neubarth refused to provide it, or prescribe "any other treatment." The Court finds that Plaintiff has stated a colorable claim for relief on his Eighth Amendment claim as to Defendant Dr. Neubarth.

**B.    Retaliation**

    **1.    Inmate Grievance**

In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2003).

Assuming as true the allegations of the fifth amended complaint, Defendant Roberts indicated that Plaintiff's allegations in his inmate grievance were "not sustained." The only actionable conduct charged to Defendant Roberts, therefore, is her participation in the inmate grievance process.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the constitution, and fails to cure it, has violated the constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greene v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Inmates have no liberty interest in the processing of an inmate appeal because inmates

lack a separate constitutional entitlement to a specific prison grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Plaintiff has no protected liberty interest in the vindication of his administrative claims.  Defendant Roberts cannot, therefore, be liable for her participation in the inmate grievance process.

### 2. Failure to Follow Protocol

Plaintiff also alleges that Defendant Roberts retaliated against him for filing "medical 602 appeals."  Specifically, Plaintiff alleges that between February 28, 2006, and March 15, 2006, Defendant Roberts refused to follow CDCR protocol in that she failed to schedule Plaintiff for a pain assessment.   The pain assessment was required in order for Plaintiff to be seen by the yard physician.  (Am. Compl. ¶ 29.)

Plaintiff specifically alleges that Roberts refused to schedule Plaintiff intentionally, and without any penological objective.  Although Plaintiff fails to allege facts indicating a specific chilling effect, he does allege that her actions resulted in "excruciating and debilitating physical pain."  (Am. Compl. ¶ 46.)  Although Plaintiff does not specifically allege a chilling effect, the Ninth Circuit has suggested that alleging harm is sufficient "since harm that is more than minimal will almost always have a chilling effect."  Rhodes v. Robinson, 408 F.3d 559, 568 n.11 (9th Cir. 2005).  Accordingly, Plaintiff states a claim for relief against Defendant Roberts on his claim of retaliation from February 28, 2006, to March 15, 2006.

### C. State Law Claim

Plaintiff asserts a state law claim for intentional infliction of emotional distress.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367 (c)  is discretionary."  Acri v.

6

Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966).  Plaintiff is cautioned that should his federal claim be dismissed or summary judgment be entered against him on his federal claim, his state claim will be remanded to state court.

## IV. Conclusion

The fifth amended complaint states a claim against Dr. Neubarth on Plaintiff's Eighth Amendment claim for deliberate indifference and against Defendant Roberts on Plaintiff's claim of retaliation from February 28, 2006, to March 15, 2006.  Plaintiff fails to state a claim against Defendant Roberts on his retaliation claim for denial of his inmate grievance.  Plaintiff has been advised of the deficiencies in his complaint and has been afforded an opportunity to correct them.  Accordingly, the Court recommends that further leave to amend not be granted, and this action be ordered to proceed only on those claims identified herein as cognizable.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's fifth amended complaint, filed June 24, 2010, against Defendant Neubarth for deliberate indifference to Plaintiff's serious medical needs violation of the Eighth Amendment and against Defenant Roberts for retaliation from February 28, 2006, to March 15, 2006.

2. Plaintiff's retaliation claim against Defendant Roberts for denial of his inmate grievance be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section1983;

3. Defendant Roberts be dismissed  from this action based on Plaintiff's failure to

7

state any claims against her.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 23, 2010**            **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE