1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9                  EASTERN DISTRICT OF CALIFORNIA
10
11   KEVIN E. FIELDS,                    1:06-cv-00407-AWI-GSA-PC
12              Plaintiff,               ORDER TO SHOW CAUSE WHY
                                         DEFENDANT ROBERTS SHOULD NOT BE
13       v.                              DISMISSED FROM THIS ACTION FOR
                                         FAILURE TO EFFECT SERVICE
14   P. ROBERTS, et al.,                 (Doc. 66.)
15              Defendants.              THIRTY DAY DEADLINE
                                  /
16

17   **I.      BACKGROUND**

18          Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

19   this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20   action on April 10, 2006.  (Doc. 1.)  This action now proceeds on Plaintiff's Fifth Amended

21   Complaint filed on June 24, 2010, against defendant P. Roberts for retaliation against Plaintiff from

22   February 28, 2006 to March 15, 2006, and defendant Jeff Neubarth for deliberate indifference.[1]

23   (Doc. 51.)

24          On October 31, 2011, the United States Marshal ("Marshal") filed a return of service

25   unexecuted, indicating the Marshal was unable to locate Defendant Roberts for service of process.

26   (Doc. 66.)

27   _____

28          [1]The remaining claims against defendant Roberts were dismissed from this action by the Court on March
     17, 2011, based on Plaintiff's failure to state a claim upon which relief could be granted.  (Doc. 56.)

                                  1

**II.     SERVICE BY UNITED STATES MARSHAL**

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### ***Background***

On March 28, 2011, the Court issued an order directing the Marshal to initiate service of process upon defendants in this action. (Doc. 59.) On May 19, 2011, the Marshal filed a return of service unexecuted as to defendant Roberts. (Doc. 60.) The return of service indicated that the Marshal was unable to locate defendant Roberts; defendant Roberts was not listed as employed at the facility; and the CDC Locator did not have record of defendant Roberts. (Doc. 60.) On September 22, 2011, the Court issued an order directing the Marshal to again attempt to locate and serve defendant Roberts, using the assistance of the CDCR's Legal Affairs Division. (Doc. 63.) The Marshal's second attempt to locate and serve defendant Roberts was unsuccessful, and on October

31, 2011, the Marshal filed a return of service unexecuted indicating that the Legal Affairs Division reported that defendant Roberts was never employed by the CDCR, worked for a contractor company, is no longer employed, and moved out of state.  (Doc. 66.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why defendant Roberts should not be dismissed from this action at this time for inability to serve process. Plaintiff has not provided sufficient information to identify and locate defendant Roberts for service of process, and the Marshal was unable to locate defendant Roberts using the assistance of the CDCR's Legal Affairs Division.  If Plaintiff is unable to provide the Marshal with additional information, defendant Roberts shall be dismissed from the action.

**III.    CONCLUSION**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant Roberts should not be dismissed from this action pursuant to Rule 4(m); and

2.    The failure to respond to this order or the failure to show cause will result in the dismissal of defendant Roberts from this action, and may result in the dismissal of this action in its entirety for failure to comply with a court order.


IT IS SO ORDERED.

Dated:    **November 2, 2011**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE