IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>    Plaintiff,<br><br>    vs.<br><br>P. ROBERTS, et al.,<br><br>    Defendants.<br>_____/ | 1:06-cv-00407-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT ROBERTS BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

I.  BACKGROUND

Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 10, 2006. (Doc. 1.) This action now proceeds with the Fifth Amended Complaint filed by Plaintiff on June 24, 2010, against defendant P. Roberts for retaliation against Plaintiff from February 28, 2006 to March 15, 2006, and against defendant Jeff Neubarth for deliberate indifference.[1]  (Doc. 51.)

On November 2, 2011, the Court issued an Order to Show Cause, requiring Plaintiff to show cause why defendant Roberts should not be dismissed from this action based on Plaintiff's failure to effect service. (Doc. 67.) Plaintiff was informed by the Court that the United States Marshal ("Marshal") was unable to complete service of process upon defendant Roberts at the address provided by Plaintiff. Id.  In response to the Court's order, Plaintiff filed a motion for leave to amend the complaint. (Doc. 68.)

---

[1] The remaining claims against defendant Roberts were dismissed from this action by the Court on March 17, 2011, based on Plaintiff's failure to state a claim upon which relief could be granted. (Doc. 56.)

1

## II. RULE 4 - SERVICE OF PROCESS

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this case, the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5.) On March 18, 2011, the Court found service of the Fifth Amended Complaint appropriate and sent Plaintiff documents to complete and return to initiate service of process. (Doc. 57.) On May 28, 2011, after receiving the service documents from Plaintiff, the Court issued an order directing the Marshal to serve process upon Defendants Roberts and Neubarth. (Doc. 59.) The Marshal was unable to locate defendant Roberts using the address provided by Plaintiff. (Doc. 60.) The return of service indicated that defendant Roberts was not listed as employed at the facility, and the CDC Locator did not have a record of defendant Roberts. Id. On September 22, 2011, the Court issued an order directing the Marshal to again attempt to locate and serve defendant Roberts, using the assistance of the CDCR's Legal Affairs

2

Division. (Doc. 63.) The Marshal's second attempt to locate and serve defendant Roberts was unsuccessful, and on October 31, 2011, the Marshal filed a return of service unexecuted indicating that the Legal Affairs Division reported that defendant Roberts was never employed by the CDCR, worked for a contractor company, is no longer employed, and moved out of state. (Doc. 66.) On November 1, 2011, the Court issued an order for Plaintiff to show cause why defendant Roberts should not be dismissed from this action based on Plaintiff's failure to effect service. (Doc. 67.) On November 9, 2011, in response to the order to show cause, Plaintiff filed a motion for leave to amend the complaint. (Doc. 68.)

Plaintiff does not oppose the dismissal of defendant Roberts from this action. In fact, Plaintiff requests leave to amend the complaint to remove all references to defendant Roberts, allowing the action to proceed only against defendant Neubarth. Id. Accordingly, defendant Roberts should be dismissed from this action based on Plaintiff's failure to effect service. Fed. R. Civ. P. 4(m).[2]

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that defendant P. Roberts be DISMISSED from this action, pursuant to Rule 4(m), based on Plaintiff's failure to effect service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 5, 2012**            /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's motion for leave to amend shall be resolved by separate order.