UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>                    Plaintiff,<br><br>     v.<br><br>P. ROBERTS, et al.,<br><br>                    Defendants.<br>_____/ | 1:06-cv-00407-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (Doc. 68.) |

**I.     RELEVANT PROCEDURAL HISTORY**

Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 10, 2006. (Doc. 1.) This action now proceeds with the Fifth Amended Complaint filed by Plaintiff on June 24, 2010, against Defendant Jeff Neubarth ("Defendant") for deliberate indifference.[1] (Doc. 51.) On November 9, 2011, Plaintiff filed a motion seeking leave to file a sixth amended complaint. (Doc. 68.) Plaintiff's motion to amend is now before the Court.

///

---

[1] The Court dismissed Defendant P. Roberts from this action on March 12, 2012, based on Plaintiff's failure to effect service. (Doc. 75.) Therefore, Jeff Neubarth is the only Defendant remaining in this action. Defendant Jeff Neubarth was served with process on September 23, 2011, but has not appeared in this action. (Doc. 65.)

1

## II. MOTION TO AMEND – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, Plaintiff has previously amended the complaint four times, and no adverse party has consented to amendment. Therefore, Plaintiff may not amend the complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). Before discovery is complete, a proposed amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Discovery has not yet commenced in this action. Plaintiff seeks leave to file a sixth amended complaint to clarify which defendants and claims remain in this action. Plaintiff seeks to remove defendant Roberts' name from the case caption and replace it with defendant Neubarth's name. Plaintiff also seeks to remove any references to defendant Roberts from the complaint.

Plaintiff now proceeds *only* against defendant Neubarth on the claims in the Fifth Amended Complaint found cognizable against him. (Docs. 52, 54, 56, 75.)  All other claims and defendants have been dismissed from this action, and it is unnecessary to amend the complaint to clarify this fact. To allow Plaintiff time to make his proposed changes to the complaint at this stage of the proceedings is unnecessary and would only delay the litigation. Therefore, the Court finds it futile for Plaintiff to file a sixth amended complaint to make the changes he proposes.

Based on the foregoing, the Court finds that no set of facts could be proved under Plaintiff's proposed amendment that would constitute any valid claim not already found in the operative Fifth

Amended Complaint upon which this case now proceeds.  Therefore, Plaintiff's proposed amendment is futile, and his motion to amend shall be denied.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to amend the complaint, filed on November 9, 2011, is DENIED.


IT IS SO ORDERED.

Dated:   **June 5, 2012**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3