**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN E. FIELDS, | 1:06-cv-00407-AWI-GSA-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SUPPLY FURTHER INFORMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NEUBARTH |
| vs. | |
| P. ROBERTS, et al., | (Doc. 76.) |
| Defendants. | FORTY-FIVE DAY DEADLINE |

**I.   BACKGROUND**

Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 10, 2006. (Doc. 1.) This action now proceeds with the Fifth Amended Complaint ("5ACP") filed by Plaintiff on June 24, 2010, against Defendant Jeff Neubarth for deliberate indifference.[1] (Doc. 51.)

On June 5, 2012, the Court granted Plaintiff's request for entry of default, and on June 5, 2012, the Clerk entered default against defendant Neubarth. (Doc. 76.) On June 13, 2012, Plaintiff filed a motion for default judgment against defendant Neubarth, pursuant to Rule 55(b). (Doc. 79.)

Plaintiff's case proceeds only against defendant Neubarth for deliberate indifference to Plaintiff's

---

[1] The Court dismissed Defendant P. Roberts from this action on March 12, 2012, based on Plaintiff's failure to effect service. (Doc. 75.) Therefore, Jeff Neubarth is the only Defendant remaining in this action.

serious medical needs, in violation of the Eighth Amendment.  Plaintiff alleged as follows in the operable 5ACP.  In May of 2004, he was diagnosed with "serious chronic maladies in my neck: degenerative herniated discs, osteoarthritic changes, and compression on my cervical spine cord." (5ACP ¶ 10.) Plaintiff suffered from severe and excruciating pain, and was treated with aspirin, tylenol and motrin.  These drugs proved ineffective, and "several doctors" prescribed vicodin, norco and hydrocordone to alleviate the pain. (5ACP ¶ 12.) On December 13, 2005, Plaintiff was transported to Mercy Medical Center in Bakersfield.  Plaintiff was seen by Dr. Rashidi "regarding the severe/excruciating and debilitating pain caused by the serious/chronic maladies in my neck." (5ACP ¶ 13.) Dr. Rashidi noted that Plaintiff's "vicodin/norco" prescription would expire on December 18, 2005, and renewed Plaintiff's prescription.  Plaintiff was returned to CSP Corcoran. (5ACP ¶ 14.) Plaintiff alleges that "by December 18, 2005," his prescription had not been refilled. On December 27, 2005, Plaintiff was seen by defendant Dr. Jeff Neubarth. Plaintiff alleges that Dr. Neubarth "refused to renew/refill my prescription for vicodin/norco and or prescribe any other treatment." (5ACP ¶ 17.) Plaintiff requests "a reasonable amount" of compensatory damages against defendant Dr. Neubarth for deliberate indifference. (5ACP at 12 ¶E.)[2]

On June 13, 2012, Plaintiff filed a declaration in support of his motion for default judgment against defendant Neubarth, requesting an "uncertain" amount of compensatory damages and $450,000 for emotional distress.  Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de minimis).  The physical injury requirement applies only to claims for mental or emotional injuries and

---

[2] Plaintiff also requests $10,000 in punitive damages against defendants Roberts and Neubarth for retaliation, and $450,000 for emotional distress against defendants Roberts and Neubarth for retaliation. (5ACP, Doc. 51 at 12 ¶¶E-G). The Court failed to find a cognizable claim for retaliation against defendant Neubarth, and defendant Roberts is no longer a party to this action.  (Docs. 56, 75.)

does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Therefore, for Plaintiff to be entitled to damages for emotional distress, he must make a showing for physical injury resulting from defendant Neubarth's deliberate indifference.

The court deems it necessary for Plaintiff to provide further information regarding the amount of damages requested against defendant Neubarth, based on Neubarth's deliberate indifference to Plaintiff's medical needs. Plaintiff should describe with specificity his physical injuries, including pain, and estimate the amount of monetary damages required to compensate him for those injuries. Plaintiff should also describe with specificity his symptoms of emotional distress and estimate the amount of monetary damages required to compensate him for his distress. Plaintiff should only address defendant Neubarth and injuries and distress caused by defendant Neubarth's deliberate indifference to Plaintiff's medical needs, as all other claims and defendants have been dismissed from this action. Plaintiff may provide the Court with evidence of the amount requested by way of witness declarations, Plaintiff's declaration, and/or documentary evidence.

Accordingly, it is HEREBY ORDERED that:

1. Within forty-five (45) days from the date of service of this order, Plaintiff shall submit declarations, documentary evidence, or other forms of evidence regarding the damage amount requested against defendant Neubarth, in support of his motion for default judgment against defendant Neubarth; and

2. If Plaintiff fails to submit evidence in compliance with this order, the Court will recommend that the motion for default judgment be denied without prejudice to renewal upon submission of the requested evidence.

IT IS SO ORDERED.

Dated:   **August 23, 2012**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

3