IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>    Plaintiff,<br><br>    vs.<br><br>P. ROBERTS, et al.,<br><br>    Defendants. | 1:06-cv-00407-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 82.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 10, 2006. (Doc. 1.) This action now proceeds with the Fifth Amended Complaint filed by Plaintiff on June 24, 2010, against Defendant Jeff Neubarth for deliberate indifference.[1] (Doc. 51.)

On June 5, 2012, the Clerk of Court entered default against defendant Neubarth for failure to respond to the complaint. (Doc. 77.) On June 13, 2012, Plaintiff filed a motion for default judgment against defendant Neubarth, pursuant to Rule 55(b). (Doc. 79.) On August 23, 2012, the Court issued an order requiring Plaintiff to supply further information in support of the motion, within forty-five days. (Doc. 80.) On September 7, 2012, Plaintiff filed a motion for leave to file an amended motion for

---

[1] The Court dismissed Defendant P. Roberts from this action on March 12, 2012, based on Plaintiff's failure to effect service. (Doc. 75.) Therefore, Jeff Neubarth is the only Defendant remaining in this action.

1

default judgment against Defendant Neubarth, containing further information as required by the Court. (Doc. 81.) On September 10, 2012, the Court granted Plaintiff's motion for leave to file an amended motion, within thirty (30) days. (Doc. 82.) On September 26, 2012, Plaintiff filed a declaration in support of an amended motion for default judgment, declaring that defendant Neubarth is not in the military service. (Doc. 83.) However, Plaintiff has not filed an amended motion for default judgment or otherwise responded to the court's orders.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than six years. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by submitting information needed by the court to determine whether default judgment should be entered in this case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to argue his motion for default judgment that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action,

making monetary sanctions of little use, and given the circumstances of this case, the preclusion of evidence or witnesses at trial is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the court's order of August 23, 2012.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 30, 2012**                    /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

3