UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN E. FIELDS,

        Plaintiff,

    vs.

P. ROBERTS, et al.,

        Defendants.

1:06-cv-00407-AWI-GSA-PC

ORDER GRANTING DEFENDANT
NEUBARTH'S MOTION TO SET ASIDE
ENTRY OF DEFAULT
(Doc. 95.)

ORDER SETTING ASIDE CLERK'S
ENTRY OF DEFAULT AGAINST
DEFENDANT NEUBARTH
(Doc. 77.)

ORDER DENYING AS MOOT
PLAINTIFF'S MOTIONS FOR DEFAULT
JUDGMENT AGAINST DEFENDANT
NEUBARTH
(Docs.  90, 93.)

I.      BACKGROUND

      Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se with this civil rights
action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on
April 10, 2006.  (Doc. 1.)  This action now proceeds with the Fifth Amended Complaint filed
by Plaintiff on June 24, 2010, against defendant Jeff Neubarth ("Defendant") for deliberate
indifference to Plaintiff's medical needs.[1]  (Doc. 51.)

---

[1]The Court dismissed Defendant P. Roberts from this action on March 12, 2012, based on Plaintiff's
failure to effect service.  (Doc. 75.)  Therefore, Jeff Neubarth is the only Defendant remaining in this action.

1

On June 5, 2012, following Plaintiff's request, the Clerk of Court entered default against defendant Neubarth for his failure to respond to the complaint. (Doc. 77.) On June 13, 2012, Plaintiff filed a motion for default judgment against defendant Neubarth, pursuant to Rule 55(b). (Doc. 79.) On August 23, 2012, the Court issued an order requiring Plaintiff to supply further information in support of the motion. (Doc. 80.)

On February 8, 2013 and February 13, 2013, Plaintiff filed amended motions for default judgment against defendant Neubarth. (Docs, 90, 93.) On May 16, 2013, defendant Neubarth filed an answer to the complaint, a motion to set aside the entry of default, and an opposition to Plaintiff's motions for default judgment. (Docs. 95, 96.) On May 30, 2013, Plaintiff filed a statement of non-opposition to Defendant's motion to set aside the entry of default, and to Defendant's opposition to the motion for default judgment. (Doc. 97.)

Defendant Neubarth's motion to set aside the entry of default, and Plaintiff's motion for default judgment against defendant Neubarth are now before the Court.

## II.   DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

### 1.   <u>Legal Standard</u>

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. <u>See</u> Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." <u>O'Connor v. State of Nevada</u>, 27 F.3d 357, 364 (9th Cir. 1994) (quoting <u>Mendoza v. Wight Vineyard Mgmt.</u>, 783 F.2d 941, 945 (9th Cir. 1986)); <u>see also</u> <u>Brady v. United States</u>, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. <u>In re Hammer</u>, 940 F.2d

524, 525 (9th Cir. 1991); <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d 1183, 1189 (9th Cir. 2009).  Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'"  <u>Mendoza</u>, 783 F.2d at 945-46 (quoting <u>Schwab v. Bullock's, Inc.</u>, 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).  In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered.  <u>American Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1108 (9th Cir. 2000).

### 2.   <u>Defendant's Motion to Set Aside Entry of Default</u>

Defendant Neubarth argues that the entry of default against him should be set aside because he did not receive timely notification of Plaintiff's complaint, through no fault of his own, and therefore was unable to timely respond to Plaintiff's complaint.  According to the Court's docket, Defendant's summons was returned executed on October 3, 2011, after the U.S. Marshal personally served Mr. Villa at the SATF Litigation Coordinator's office.  (Doc. 65.)  However, Defendant asserts that the SATF Litigation Coordinator's office inadvertently failed to process the lawsuit or notify Dr. Neubarth of the lawsuit at that time.  (Decl. of F. Villa, Doc. 95-2 ¶¶13, 15.)  Defendant did not learn of the impending litigation until May 2, 2013, and he immediately requested representation by the Office of the Attorney General.  (Decl. of J. Neubarth, Doc. 95-3 ¶13.)

Plaintiff has indicated that he "does not wish to oppose [] Defendant Jeff Neubarth's motion to set aside entry of default."  (Doc. 97.)

### <u>Discussion</u>

Defendant's motion to set aside the entry of default shall be granted.  Defendant has submitted sufficient evidence that he was not timely notified of Plaintiff's complaint, through no fault of his own, and when he finally did receive notice, he immediately acted to request counsel to defend himself.  (Villa Decl. ¶¶13, 15; Neubarth Decl. ¶13.)  Moreover, Defendant filed an Answer to the complaint on May 17, 2013, defending against the complaint.  (Doc. 96.)

Based on this record, there is no evidence that Defendant intentionally failed to plead or otherwise defend against the complaint, and Plaintiff is not entitled to entry of judgment. Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 927-28 (9th Cir. 2004) (if party appeared, clerk's entry of default void *ab initio*).   Moreover, Plaintiff has indicated that he does not oppose setting aside the entry of default against Defendant.   (Doc. 97.)   Therefore, Defendant's motion to set aside the entry of default against him shall be granted.

      **B.**     **PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

        **1.**    **Legal Standards**

Even if entry of default has been made by the court clerk, granting a default judgment is not automatic.   PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D.Cal.1999); see GMAC Commercial Mortg. Corp. v. Maitland Hotel Assoc., 218 F.Supp.2d 1355, 1359 (M.D.Fla.2002) (finding that "mere entry of default by clerk does not in itself warrant entry of default judgment").   Instead, "[t]he [Court's] decision whether to enter a default judgment is a discretionary one."   Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980); see Duling v. Markun, 231 F.2d 833, 836 (7th Cir.1956).   "[T]he general rule disfavors default judgments. Cases should be decided upon their merits whenever reasonably possible."   Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.1986).

When choosing to grant or deny entry of a default judgment, the Court considers several factors: (1) the possibility of prejudice to the plaintiff; (2) the substantive merits of the plaintiff's claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of prejudice to plaintiff if relief is denied; (6) whether default was the result of excusable neglect; and (7) the strong policy of the Federal Rules that favors decisions on the merits.   Id., 782 F.2d at 1472.

        **2.**    **Plaintiff's Motions for Default Judgment**

In his motions, filed on February 8, 2013 and February 13, 2013, Plaintiff requested default judgment against defendant Neubarth based on the Clerk's entry of default against defendant Neubarth for failure to defend against the complaint.

In opposition, Defendant argued that all of the <u>Eitel</u> factors favor Defendant, and that the circumstances of this case satisfy the threshold "good cause" requirement justifying relief from default judgment in <u>Lynch v. Pearce</u>, 886 F.2d 334 (9th Cir. 1989) (holding that district court did not abuse its discretion in granting the defendant relief from judgment under Rule 60(b) where the defendant was aware of the action against him, but did not answer the complaint because he had mistakenly assumed that he was being defended by counsel for his employer).

**Discussion**

Plaintiff's motions for default judgment against Defendant are moot because by this order, the Clerk's entry of default against Defendant shall be set aside. Moreover, Plaintiff has filed a notice of non-opposition to Defendant's opposition to the motions for default judgment. Therefore, Plaintiff's motions for default judgment against defendant Neubarth, filed on February 8, 2013 and February 13, 2013, shall be denied as moot.

**III.   CONCLUSION**

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1.    Defendant Neubarth's motion to set aside the entry of default against him, filed on May 16, 2013, is GRANTED;

2.    The Clerk's entry of default against Defendant Neubarth, filed on June 5, 2012, is SET ASIDE;

3.    Plaintiff's motions for default judgment against Defendant Neubarth, filed on February 8, 2013 and February 13, 2013, are DENIED as moot; and

4.    A scheduling order opening discovery in this action shall be issued forthwith.

IT IS SO ORDERED.

Dated:   **June 6, 2013**                       **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28