UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>        Plaintiff,<br><br>    vs.<br><br>P. ROBERTS, et al.,<br><br>        Defendants. | 1:06-cv-00407-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANT NEUBARTH'S MOTION FOR STAY OF DISCOVERY<br>(Doc. 95.)<br><br>ORDER STAYING DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS |

## I.  BACKGROUND

Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 10, 2006. (Doc. 1.) This action now proceeds with the Fifth Amended Complaint filed by Plaintiff on June 24, 2010, against defendant Jeff Neubarth ("Defendant") for deliberate indifference to Plaintiff's medical needs.[1]  (Doc. 51.)

On June 7, 2013, the court issued a Discovery/Scheduling Order which opened the discovery phase for this action and established a deadline of February 7, 2014, for the parties to complete discovery. (Doc. 99.)  On August 7, 2013, Defendant filed a motion to dismiss this action based on Plaintiff's failure to exhaust administrative remedies. (Docs. 105, 106.)

---

[1] The Court dismissed Defendant P. Roberts from this action on March 12, 2012, based on Plaintiff's failure to effect service. (Doc. 75.)  Therefore, Jeff Neubarth is the only Defendant remaining in this action.

1

On August 14, 2013, Defendant filed a motion for stay of the discovery phase pending resolution of the motion to dismiss. (Doc. 107.) Plaintiff has not filed an opposition to the motion.

## II.     DEFENDANT'S MOTION FOR STAY

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Rule 26(c) of the Federal Rules of Civil Procedure authorizes "any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden of expense." Fed. R. Civ. P. 26(c). Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Defendant requests a stay of discovery in this action, relieving him of his obligation to respond to Plaintiff's current discovery requests until the court rules on Defendant's motion to dismiss. Defendant argues that a stay of discovery would serve the interest of judicial economy and should be granted because (1) the court does not require additional information to decide Defendant's motion to dismiss; (2) Plaintiff would not be prejudiced by the stay; and (3) if the court dismisses this action, Plaintiff's discovery requests will be rendered unnecessary. In the alternative to a stay of discovery, Defendant requests that he be granted forty-five days after the court rules on the motion to dismiss to respond to Plaintiff's pending discovery.

### *Discussion*

As noted above, this action now proceeds with the Fifth Amended Complaint filed by Plaintiff on June 24, 2010, against sole defendant Jeff Neubarth for deliberate indifference to Plaintiff's medical needs. (Doc. 51.) Defendant's motion to dismiss, filed on August 7, 2013, seeks to dismiss this entire action, based on Plaintiff's failure to exhaust administrative remedies for his claims before filing suit. (Doc. 106.) Defendant has submitted evidence that

the pending discovery requests he received from Plaintiff – requests for admission, productions of documents and things, and interrogatories, served upon Defendant on July 23, 2013 – do not request information relevant to the issue of exhaustion and would not help Plaintiff oppose Defendant's motion to dismiss. (Exhibit A to Declaration of Chinn, Doc. 107-1 at 7-20.) Defendant also argues that it would be a waste of resources to require him to respond to Plaintiff's discovery requests pending resolution of Defendant's dispositive motion which may dismiss the entire case. Defendant points out that if the court dismisses only some of Plaintiff's claims pursuant to the motion, Plaintiff will be able to focus his discovery on any surviving claims, thus limiting time and expense for all parties. Defendant's arguments have merit. Plaintiff has not opposed a limited stay of discovery, and the court does not anticipate a lengthy stay pending resolution of the motion to dismiss. Therefore, based on the foregoing, Defendant's motion for stay shall be granted. The parties to this action shall retain any pending discovery requests already served upon them, for later consideration should the stay be lifted. However, while discovery is stayed, the parties need not respond to any existing discovery requests and shall not serve further discovery requests.

### III.     CONCLUSION

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant's motion for stay, filed on August 14, 2013, is GRANTED;
2. The discovery phase for this action, which commenced on June 7, 2013, is now STAYED pending resolution of the motion to dismiss filed by Defendant on August 7, 2013; and
3. The parties are precluded from conducting discovery while the stay is in effect.

IT IS SO ORDERED.

Dated:   **September 15, 2013**                    **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE