UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>         Plaintiff,<br><br>   vs.<br><br>P. ROBERTS, et al.,<br><br>         Defendants. | 1:06-cv-00407-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S AMENDED MOTION TO DISMISS BE GRANTED<br>(Doc. 106.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. BACKGROUND

Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 10, 2006. (Doc. 1.) This action now proceeds with the Fifth Amended Complaint filed by Plaintiff on June 24, 2010, against defendant Dr. Jeff Neubarth ("Defendant") for deliberate indifference to Plaintiff's medical needs.[1] (Doc. 51.)

On August 6, 2013, Defendant filed an amended motion to dismiss this action for failure to exhaust administrative remedies. (Doc. 106.) On September 13, 2013, Plaintiff filed an opposition.[2] (Docs. 109, 110.) On September 20, 2013, Defendant filed a reply to

---

[1] The Court dismissed Defendant P. Roberts from this action on March 12, 2012, based on Plaintiff's failure to effect service. (Doc. 75.) Therefore, Jeff Neubarth is the only Defendant remaining in this action.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion by Defendant in the amended motion to dismiss of August 7, 2013. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). (Doc. 106 at 2.)

Plaintiff's opposition, and on September 23, 2013, Defendant filed a supplemental declaration in support of the reply. (Docs. 112, 113.) Defendant's amended motion to dismiss is now before the court.

## II.  PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT NEUBARTH

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, where the events at issue allegedly occurred. Plaintiff's factual allegations follow.

Plaintiff alleges that in May of 2004, he was diagnosed with "serious chronic maladies in my neck: degenerative herniated discs, osteoarthritic changes, and compression on my cervical spine cord." (5th Am. Compl., Doc. 51 ¶10.) Plaintiff suffered from severe and excruciating pain, and was treated with aspirin, Tylenol and Motrin. These drugs proved ineffective, and "several doctors" prescribed Vicodin, Norco and Hydrocordone to alleviate the pain. (Id. ¶12.)

On December 13, 2005, Plaintiff was transported to Mercy Medical Center in Bakersfield. Plaintiff was seen by Dr. Rashidi "regarding the severe/excruciating and debilitating pain caused by the serious/chronic maladies in my neck." (Id. ¶13.) Dr. Rashidi noted that Plaintiff's Vicodin/Norco prescription would expire on December 18, 2005, and renewed Plaintiff's prescription. Plaintiff was returned to CSP. (Id. ¶14.) Plaintiff alleges that by December 18, 2005, his prescription had not been refilled. On December 27, 2005, Plaintiff was seen by defendant Dr. Neubarth. Plaintiff alleges that defendant Dr. Neubarth "refused to renew/refill my prescription for vicodin/norco and or prescribe any other treatment." (Id. ¶17.)

On January 5, 2006, Plaintiff filed an inmate grievance, "complaining of Defendant Neubarth's deliberate indifference, through his failure to treat me for my severe/excruciating and debilitating pain caused by my serious/chronic maladies in my neck." (Id. ¶18.) On January 19, 2006, Dr. Viravathana (not a named defendant) ordered the pharmacy to refill Plaintiff's Vicodin/Norco prescription, though with a decreased dosage. (Id. ¶20.)

///
///
///

**III.     MOTION TO DISMISS FOR FAILURE TO EXHAUST**

   **A.     <u>Statutory Exhaustion Requirement</u>**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 549 U.S. at 216; <u>Wyatt</u>, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u> at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u> at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id.</u>

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. <u>Id.</u> at § 3084.2(a)(2004). In 2004, prisoners were required to submit appeals within fifteen calendar days of the event being appealed or of receiving an unacceptable lower level appeal decision. <u>Id.</u> at § 3084.6(c)(2004). Three formal levels of appeal are involved, including the

first level, second level, and third level.  Id. at § 3084.5(2004).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### B.      Defendant's Amended Motion

Defendant moves to dismiss this action on the ground that Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendant.  Defendant provides evidence that between December 27, 2005, the date of the incident at issue in the complaint, and April 10, 2006, the date Plaintiff filed this action, Plaintiff submitted two inmate appeals to the Third Level of review:  (1) COR-05-04270 and (2) COR-05-04808. (Declaration of D. Foston, Doc. 105-3 ¶3.)  Both appeals, however, were decided at the Third Level of review *after* April 10, 2006.  (Id.)  COR-05-04270 was denied on May 17, 2006, and COR-05-04808 was denied on June 5, 2006.  (Id.)

Defendant also provides evidence that between December 27, 2005 and April 10, 2006, Plaintiff submitted two appeals to the First Level of review at CSP, on February 3, 2006:  (1) CSPC-5-06-00388 and (2) CSPC-5-06-00371.  (Declaration of A. Pacillas, Doc. 105-2 ¶4, Exh. 1-2.)  Appeal CSPC-5-06-00388 was granted at the First Level of review on February 21, 2006. (Id. ¶5, Exh. 1.)  Defendant argues that this appeal is not relevant to this action, because Plaintiff only complains that he suffered "stomach pains" after he was placed on a "medical diet" but did not immediately receive an updated chrono or his special lunch, and there is no mention of Plaintiff's neck and back pain or a failure to renew a medical prescription for "Vicodin/Norco."  (Id.)

Defendant argues that Appeal CSPC-5-06-00371 does not satisfy the exhaustion requirement for the instant action, because Plaintiff did not submit this appeal to the Third Level of review, (Foston Decl. ¶3.; Pacillas Decl. ¶6, Exh. 2), and the appeal was not partially granted at the Second Level of review until April 13, 2006, *after* Plaintiff filed this lawsuit, (Pacillas Decl. ¶6, Exh. 2.; see also Doc. 1). Defendant also argues that this appeal was not sufficient to place the institution on notice of Plaintiff's claim against defendant Neubarth.

///

**C.     Plaintiff's Opposition**

Plaintiff does not dispute that he failed to complete the appeals process for Appeal CSPC-5-06-00371. However, Plaintiff argues that he exhausted the remedies *available to him* with Appeal CSPC-5-06-00371.

Plaintiff argues that he received all of the remedies available to him after completing the First Level of review and therefore, he was not required to proceed to the next level of review. Plaintiff asserts that he filed Appeal CSPC-5-06-00371 on January 5, 2006, complaining of defendant Neubarth's deliberate indifference for his failure to treat Plaintiff for severe pain. (Plaintiff's Declaration, Doc. 109 at 10 ¶5.) On January 19, 2006, after learning of Plaintiff's appeal, Dr. Viravathana ordered the pharmacy to refill Plaintiff's prescription for Vicodin/Norco through March 16, 2006, at a lower dosage. (Id. ¶¶6,7, Exh. A.) On February 16, 2006, the appeal was partially granted at the First Level of review. (Id. ¶8, Exh. B.) Plaintiff cites Harvey v. Jordon, 605 F.3d 681, 685 (9th Cir. 2010) in support of his argument that the partial grant of his appeal at the First Level of review completed the process for his appeal.

**D.     Defendant's Reply**

Defendant first requests the court to disregard Plaintiff's opposition as untimely, because it was filed well after the deadline according to Local Rule 130(*l*). The court declines to consider this request. A district court can, in its discretion, decline to consider arguments raised for the first time in a reply brief. See Lane v. Dept. of Interior, 523 F.3d 1128, 1140 (9th Cir. 2008).

Second, Defendant argues that Plaintiff did not exhaust his remedies with Appeal CSPC-5-06-00371 because he did not wait to receive a response from the Second Level of review before filing this lawsuit, and he did not receive a Third Level response until July 31, 2006, well after the April 10, 2006 initiation of this lawsuit.

Third, Defendant argues that Plaintiff's claim that he completed the appeals process is not supported by Harvey v. Jordon, because Plaintiff's claim that he was "satisfied' when Dr. Viravathana renewed his prescription, and that he had received "all available remedies" from

5

the grievance process at an intermediate level in Appeal CSPC-5-06-00371 is contradicted by the fact that Plaintiff submitted the appeal to the second and third formal levels of review *after* his prescription was renewed.

E.      **Discussion**

Defendant has shown an absence of records of any relevant appeal by Plaintiff completed through the Third Level of review before April 10, 2006, the date he filed this lawsuit. Defendant's evidence shows that between December 27, 2005, the date of the incident at issue in Plaintiff's complaint, and April 10, 2006, Plaintiff submitted two inmate appeals to the Third Level of review, but both of them were decided at the Third Level of review *after* April 10, 2006. Defendant's evidence also shows that on February 3, 2006, Plaintiff submitted two appeals to the First Level of review at CSP, but one of the appeals was not relevant to the claim in this action, and the other appeal was not submitted to the Third Level of Review until July 31, 2006, well after the April 10, 2006 initiation of this lawsuit.

However, a timely third level response is not necessary to satisfy the exhaustion requirement and the mere absence of a timely third level response does not entitle Defendant to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The question now is whether Plaintiff exhausted all of the remedies that were made available to him.

Plaintiff has not opposed Defendant's arguments that he did not exhaust his remedies with Appeals COR-05-04270, COR-05-04808, or CSPC-5-06-00388. However, Plaintiff argues that he completed the *available* remedies with Appeal CSPC-5-06-00371. Plaintiff relies on Harvey v. Jordon in support of his argument that he was not required to complete the appeals process for Appeal CSPC-5-06-00371, because he claims he received all the available

remedies at an intermediate level of review. Harvey, 605 F.3d 681. However, as argued by Defendant, the facts in Harvey are inapposite to the facts in Plaintiff's case. In Harvey, the plaintiff was satisfied with the response at an intermediate level partially granting his appeal, and the plaintiff did not appeal the decision. The Harvey court held that the plaintiff had exhausted his remedies and was not required to appeal a favorable decision that led him to believe his complaint had been resolved. Here, in Plaintiff's case, the appeals process did not end when Plaintiff received a First Level response partially granting Appeal CSPC-5-06-00371. After he received the First Level response, Plaintiff continued to submit the appeal to the Second and Third Levels of review. Plaintiff continued to make requests for changes in his prescription medication, for monetary compensation, and for his appeal to be handled as a staff complaint. Such behavior by Plaintiff does not demonstrate satisfaction with the First Level decision and does not show that Plaintiff exhausted all of his available remedies at the First Level of review.

Based on the foregoing, Plaintiff has not shown that he exhausted his remedies using the process required by the CDCR, or that he exhausted all of the remedies made available to him before filing this lawsuit.

## IV.  CONCLUSION AND RECOMMENDATION

Defendant Neubarth has met his burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendant has shown evidence that Plaintiff failed to exhaust his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendant in this action. Plaintiff has not shown that he exhausted all the remedies available to him. Therefore, Defendant is entitled to dismissal of this action, and the amended motion to dismiss should be granted.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant Neubarth's amended motion to dismiss for failure to exhaust remedies, filed on August 7, 2013, be GRANTED, and this action be DISMISSED without prejudice.

///

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2013**                              **/s/ Gary S. Austin**
                                                                                   UNITED STATES MAGISTRATE JUDGE